# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TIARA NICOLE SNOWDEN,
      Appellant,

            v.

DEPARTMENT OF HOUSING AND
      URBAN DEVELOPMENT,
            Agency.

DOCKET NUMBER
AT-0752-20-0174-I-1

DATE: August 14, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tiara Nicole Snowden, San Bernardino, California, pro se.

Leidy M. Morejon, Atlanta, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as untimely filed. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision, or if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on January 24, 2020, and thus the deadline to file a petition for review was February 28, 2020. Initial Appeal File (IAF), Tab 8, Initial Decision (ID) at 1, 4. The appellant did not file her petition for review until March 1, 2021, over a year after the filing deadline. Petition for Review (PFR) File, Tab 1. Accordingly, her petition for review is untimely filed.

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4. The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Id.* To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and the party's showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Id.*

The Office of the Clerk of the Board notified the appellant that her petition for review appeared untimely filed and directed the appellant to submit a motion asking the Board to accept her petition for review as timely filed or to waive the time limit for good cause, accompanied by a statement signed under penalty of perjury or an affidavit showing either that her petition was timely filed or that there is good cause for the late filing. PFR File, Tab 2 at 1-2. Nonetheless, the appellant did not submit a motion or signed statement requesting waiver of the

time limit. If a party's explanation for the untimeliness of a petition for review is not submitted in the form of an affidavit or a statement signed under penalty of perjury, it is insufficient to establish the assertions it contains. *See Cantrell v. U.S. Postal Service*, 32 M.S.P.R. 248, 250 (1987); 5 C.F.R. § 1201.114(g). However, even considering the appellant's assertions in the petition for review, we find that she has failed to demonstrate good cause for the untimeliness.

Despite the appellant's pro se status, we note that the 1-year delay in filing her petition is lengthy. *See Wirzberger v. Department of the Treasury*, 101 M.S.P.R. 448, ¶ 8 (2006) (noting that a 1-year delay in filing a petition for review was significant, even when considering her pro se status). The appellant alleges that she attempted to engage in the appeals process, but that every time she submitted documents she received a response that her appeal requests were denied. PFR File, Tab 1 at 5. Under limited circumstances, the Board will excuse delays in filing caused by difficulties encountered with e-Appeal. *Palermo*, 120 M.S.P.R. 694, ¶ 5; *see, e.g.*, *Lamb v. Office of Personnel Management*, 110 M.S.P.R. 415, ¶ 9 (2009) (excusing the untimely filing of an appeal when the appellant reasonably believed he filed timely by completing all the questions on the on-line appeal form and exited the website without receiving a clear warning that his appeal was not filed); *Livingston v. Office of Personnel Management*, 105 M.S.P.R. 314, ¶ 9 (2007) (finding good cause for the untimely filing of a petition for review in e-Appeal when the appellant created a draft of the petition, was able to exit the Board's website without receiving a clear warning that he had not yet filed his pleading, and acted with due diligence in submitting the relevant documents when he became aware of the problem). We discern no such circumstances here. The appellant acknowledges that she received error notices when attempting to submit her petition; thus, she did not have a reasonable belief that her petition was timely filed. PFR File, Tab 1 at 5. Moreover, there is nothing in the record to suggest that she sought to contact the Board or otherwise seek to rectify the problem. As such, we find that the

appellant's allegations regarding e-Appeal do not demonstrate good cause for her untimely filed petition for review.

The appellant further asserts that she was moving across the country, and that she could not afford to move her belongings with her or travel by plane. PFR File, Tab 1 at 5. She also asserts that she is the victim of domestic violence and is currently living in a domestic violence shelter. *Id.* Although the Board is sympathetic to the appellant's difficult personal situation, general personal difficulties do not constitute good cause for the waiving of a filing deadline. *See Crisp v. Department of Veterans Affairs*, 73 M.S.P.R. 231, 234 (1997) (finding no good cause shown where the appellant was going through divorce proceedings, involved in a separate lawsuit concerning an automobile accident, attending graduate school full-time, and seeking employment to avoid incarceration). Moreover, financial difficulties likewise do not generally excuse an untimely filing. *Robinson v. Office of Personnel Management*, 85 M.S.P.R. 589, ¶ 5 (2000).

Finally, the appellant argues that she was confused by the information that the Board lacked a quorum to decide her appeal. PFR File, Tab 1 at 7. The Board has found that confusion as to Board procedures does not show good cause when the initial decision notified the appellant that it would become final by a certain date, unless a petition for review was filed by such date. *Estate of De Palermo v. Office of Personnel Management*, 53 M.S.P.R. 4, 6 (1992); *see also Bachelor v. Department of the Army*, 56 M.S.P.R. 108, 110 (1992) (finding no good cause based on the appellant's alleged confusion when the appellant made no effort to contact the Board and request instruction, and the initial decision provided straightforward directions for filing the petition and the noted deadline). The initial decision here informed the appellant in no unclear terms that it would become final on February 28, 2020, unless a petition for review was filed by that date. ID at 5. Moreover, there is no evidence in the record that the appellant sought to contact the Board to clarify any confusion. Accordingly, we find that

the appellant's alleged confusion does not establish good cause under the circumstances in this case.

The appellant's remaining arguments involve the merits of her removal and difficulties handling her appeal before the administrative judge. PFR File, Tab 1 at 5-8. These arguments do not concern the timeliness of her petition for review, and we therefore decline to consider them. *See Brame v. Department of Veterans Affairs*, 98 M.S.P.R. 224, ¶ 5 (2005). Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's removal appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.